Battle, J.
 

 The proceeding in this case is founded ¡upon provisions of the 14th 'section of the 19th chapter of the Be-vised Code. That act provides that “ upon the going out of office, for whatever reason, of any clerk of the superior or county court, he shall transfer and deliver to his successor (or to such person, before his successor in office may be appointed, as the court may designate) all records, documents, papers and money, belonging to the office. And the Judge appointing any clerk to a vacancy in the clerkship of the superior court, may give to such person an order for the delivery to him, by the person having the custody thereof, of the
 
 *340
 
 records, documents, papers and moneys belonging to the office, and lie shall deliver the same in obedience to such order. And in case any clerk going out of office as aforesaid, or other person having possession of such records, documents, papers and money as aforesaid, shall fail to transfer and deliver them, as herein directed, he shall forfeit and pay to the State one thousand dollars, which shall be sued for by the prosecuting officer of that court.” The proceeding was commenced in the County Court, in the form of amotion, for a judgment against the defendant, as the executor of Mr. Blackledge, the former clerk of the Superior Court of Craven county. As such, it was based upon the 5th section of the 78th chapter of the Revised Code, which enacts as follows : “ Whenever a sheriff, coroner, constable, clerk, or clerk and master, shall have collected or received any money, by virtue or under color of his office, and on demand shall fail to pay the same to the person entitled to require the payment thereof, the person thereby aggrieved may move for judgment in any court having competent jurisdiction, against such officer and his sureties, and the court shall try the same, and render judgment at the term when tho motion shall be made.
 
 Provided, ten
 
 days notice, in writing, shall have been previously given.” When the motion for judgment was made in the County Court, it was resisted by the defendant, and upon motion of his counsel, the proceeding was dismissed, and the plaintiff appealed to the Superior Court, where it was treated as a rule against the defendant, to compel him to pay into the office of the clerk of the Superior Court a certain sum of money, alleged to be due to that office from his testator. The rule was made absolute and a judgment given, from which the defendant has appealed to this Court. We are unable to discover on the record, any order for an amendment of the proceedings, or any agreement of the parties that it should be changed, and we must, therefore, consider it in the light in which it was commenced. Thus considered, it is clear, that it cannot be sustained.
 

 The 5th section of the 78th chapter of the Revised Code, gives the summary remedy, therein specified, to the persons
 
 *341
 
 entitled, and to them only, for moneys collected or received by clerks and other public officers. The moneys collected or received by the defendant’s testator, by virtue, or under color of his office, as clerk, did not belong to his successor, and he could be entitled to receive them only under the order of the Superior Court, whose officers, both he and his predecessor were. If the order of the Court were violated, his remedy was to have it enforced by means of an attachment for a contempt, or, perhaps by calling on the prosecuting officer of the Court, to institute an action for the penalty of one thousand dollars, given by the act, for the failure to perform the order. "Whether the Court would proceed by attachment against the personal representative of a defaulting ex-clerk, it is unnecessary for us to decide in the present case. We are clearly satisfied that the mode of proceeding, adopted by the present plaintiff, cannot avail him, and we are equally well satisfied, that he cannot be made liable, either alone or with his sureties, on his official bond, for moneys belonging to others, which never came into his hands.
 

 The judgment of the Court below must be reversed, and the plaintiff’s motion be refused.
 

 Pee Curiam, Judgment reversed.